**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENN ROSADO,

              Plaintiff-Appellant,

v.

COUNTY OF SAN DIEGO; et al.,

              Defendants-Appellees.

No.   19-55341

D.C. No.
3:18-cv-00265-H-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

Before: LIPEZ,[***] RAWLINSON, and N.R. SMITH, Circuit Judges.

Glenn Rosado, a revenue officer for the Internal Revenue Service ("IRS"),

appeals the district court's grant of summary judgment in favor of San Diego

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

County and San Diego County Sheriff's deputies Steinmeyer, Keller, and Wade (collectively "Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Rosado argues that Defendants violated his constitutional rights by improperly detaining him after the deputies received a report that Rosado was running a tax scheme.[1] Defendants are entitled to qualified immunity unless: (1) the officers' conduct violated a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). We have "discretion in deciding which of the two prongs" to address first. *Id.* at 236. We find that Defendants did not violate Rosado's constitutional rights.

After making contact with Rosado, the deputies diligently pursued their investigation to "confirm or dispel their suspicions." *United States v. Sharpe*, 470 U.S. 675, 686 (1985) ("In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or

---

[1] Rosado also argues that his detention morphed into an arrest. However, considering the totality of the circumstances, Rosado's detention was minimally invasive and was "reasonable given the specific circumstances." *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996) (emphasis omitted).

2

dispel their suspicions quickly, during which time it was necessary to detain the defendant."). Once the deputies confirmed that Rosado was in fact an IRS agent, they released him without unreasonable delay. Therefore, Rosado's constitutional rights were not violated, and Defendants are entitled to qualified immunity.[2]

2. Once the district court has "dismissed all claims over which it has original jurisdiction," it may "decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Therefore, "the district court did not err in declining to exercise its supplemental jurisdiction over the state law claims." *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997).

**AFFIRMED**

---

[2] Because we conclude that the deputies did not violate Rosado's constitutional rights, we need not address the clearly established prong of the qualified immunity test.